USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __ 3/7/2016 __

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X

PETER J. GOULD and JAMES A. EVANGELIST,

                              **Plaintiffs,**

                **-against-**

CLAUDIA M. BARNES, et al.,

                              **Defendants.**
-------------------------------------------------------------------X

                        **15-CV-07965 (GBD)(SN)**

                          **REPORT &**
                    **RECOMMENDATION**

**SARAH NETBURN, United States Magistrate Judge.**

**TO THE HONORABLE GEORGE B. DANIELS:**

On October 8, 2015, plaintiffs Peter J. Gould and James A. Evangelist, proceeding pro se, filed a complaint and summons was issued. On January 15, 2016, this Court issued an order reminding the plaintiffs that pursuant to Federal Rule of Civil Procedure 4(m), they must serve the summons and complaint on the defendants within 120 days of the issuance of summons, or by February 5, 2016, and ordering the plaintiffs to submit a letter by January 29, 2016, on the status of service. The plaintiffs did not comply with this order, and they failed to serve the defendants by February 5, 2016. On February 17, 2016, therefore, I warned that I would recommend dismissal of this case for failure to prosecute if plaintiffs did not submit a letter to the Court by March 2, 2016, explaining what attempts, if any, they had made to serve the defendants within the 120 days required by Rule 4(m). To date, the plaintiffs have failed to file a status letter with the Court in compliance with this order. Because I am unaware of any attempt by the plaintiffs to serve the defendants or update the Court on the status of service, I recommend that this case be dismissed *sua sponte*, without prejudice for failure to prosecute. See Fed. R. Civ. P. 41(b); see also Townsend v. Rosario, 05 Civ. 0588 (RJH)(DCF), 2006 WL 572713, at *1

(S.D.N.Y. Mar. 7, 2006) (adopting recommendation that complaint be dismissed *sua sponte* pursuant to Rule 41).

### DISCUSSION

A plaintiff has a general obligation to prosecute his case diligently. See <u>Lyell Theatre Corp. v. Loews Corp.</u>, 682 F.2d 37, 43 (2d Cir. 1982). The court may dismiss the action, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, for failure to prosecute if the plaintiff fails to meet this obligation. In fact, "[a] plaintiff[']s lack of diligence alone is enough for dismissal." <u>West v. City of New York</u>, 130 F.R.D. 522, 526 (S.D.N.Y. 1990) (citation omitted).

Although Rule 41(b) provides that "a defendant may move to dismiss the action or any claim against it" when a plaintiff fails to prosecute the case or to comply with a court order, (Fed. R. Civ. P. 41(b)), the court need not wait for a defendant to file such a motion. See <u>Link v. Wabash R.R. Co.</u>, 370 U.S. 626, 629 (1962). Moreover, the court "may even, *sua sponte*, and without notice to the parties, dismiss a complaint for lack of prosecution, and such dismissal is largely a matter of the judge's discretion." <u>West</u>, 130 F.R.D. at 524. Indeed, because district courts are "necessarily vested" with the control required "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases," the court may even dismiss an action *with* prejudice when a plaintiff fails to prosecute his case. <u>Link</u>, 370 U.S. at 630-31.

In deciding whether to dismiss an action for failure to prosecute, the court must consider five factors: "'(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be

heard, and (5) whether the judge has adequately considered a sanction less drastic than

dismissal.'" Baptiste v. Sommers, 768 F.3d 212, 216 (2d Cir. 2014) (quoting Lucas v. Miles, 84

F.3d 532, 535 (2d Cir. 1996)). Of these factors, no particular one is dispositive. Id. (citing Nita v.

Connecticut Dep't of Envtl. Prot., 16 F.3d 482, 485 (2d Cir. 1994)).

While a district court is not required to address each of these factors in its written

decision by a list of "'robotic incantations,'" id. at 217 (quoting United States v. Crosby, 397

F.3d 103, 113 (2d Cir. 2005)), the court at a minimum must provide a reason for the dismissal.

See Grace v. New York, 10 Civ. 3853 (LTS)(GWG), 2010 WL 3489574, at *2 (Sept. 7, 2010),

report and recommendation adopted, 2010 WL 4026060 (S.D.N.Y. Oct. 14, 2010).

Here, the plaintiffs have not filed any papers with the Court since the Complaint on

October 8, 2015. ECF No. 1. The February 17, 2016 Order provided the plaintiffs with notice

that their complaint would be dismissed for failure to prosecute if they did not file a letter with

the Court by March 2, 2016. ECF No. 6. This report and recommendation provides the plaintiffs

further notice and another opportunity to be heard before the District Judge.  Defendants will not

be prejudiced by a dismissal of the case against them, but the Court has a strong interest in

dismissing unprosecuted cases. Because plaintiffs have not responded to multiple court orders

and have displayed no interest in pursuing this case, lesser sanctions would not be appropriate.

## CONCLUSION

For these reasons, I recommend that all claims asserted in the complaint be dismissed

without prejudice, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

**SO ORDERED.**

_____

SARAH NETBURN

United States Magistrate Judge

DATED:  New York, New York
          March 7, 2016

cc:        Peter J. Gould and James A. Evangelist (*by Chambers*)
               200 East 58th Street
               New York, NY 10022

*       *       *

## NOTICE OF PROCEDURE FOR FILING OBJECTIONS
## TO THIS REPORT AND RECOMMENDATION

The parties shall have fourteen days from the service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. See also Fed. R. Civ. P. 6(a), (d) (adding three additional days when service is made under Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F)). A party may respond to another party's objections within fourteen days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Such objections shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable George B. Daniels at the United States Courthouse, 500 Pearl Street, New York, New York 10007, and to any opposing parties. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b). Any requests for an extension of time for filing objections must be addressed to Judge Daniels. The failure to file these timely objections will result in a waiver of those objections for purposes of appeal. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b); Thomas v. Arn, 474 U.S. 140 (1985).